# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DUSTIN PATRICK CURTIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1173-JSD |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Dustin Patrick Curtis, an inmate at the St. Charles County Department of Corrections. For the reasons explained below, the Court will deny the Application, and dismiss this case without prejudice to the filing of a fully-paid complaint.

Plaintiff is a prisoner who has, on three or more prior occasions while incarcerated, brought an action in this Court that was dismissed for one of the reasons listed in 28 U.S.C. § 1915(g).[1] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] *See Curtis v. Federal Bureau of Investigation, et al.,* No. 4:18-CV-237-JCH (E.D. Mo. May 30, 2018) (dismissed as frivolous); *Curtis v. House, et al.,* No. 4:19-CV-2597-SRC (E.D. Mo. Jan. 30, 2020) (dismissed as *Heck*-barred); *Curtis v. House, et al.,* No. 4:19-CV-1810-SNLJ (E.D. Mo. Sep. 6, 2019) (dismissed for failure to state a claim); *Curtis v. Nichols, et al.,* No. 4:19-CV-1216-JAR (E.D. Mo. Jan. 27, 2020) (dismissed as *Heck*-barred). This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate to the case at bar. *See United States v. Jackson,* 640 F.2d 614, 617 (8th Cir. 1981).

28 U.S.C. § 1915(g).  Therefore, this Court may grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs only if he "is under imminent danger of serious physical injury." *Id.*

The Court has thoroughly reviewed the Complaint, and finds there are no allegations that show Plaintiff is under imminent danger of serious physical injury.  The only non-frivolous statements in the Complaint are that Plaintiff suffered a spider bite and received medical treatment, and is currently taking antibiotics.  Plaintiff describes the bite and the medical treatment that followed, which appears to have included making an incision and draining the wound.  There are no statements that can be interpreted to assert that Plaintiff is not receiving medical care, or that his condition is deteriorating.  Instead, Plaintiff asserts his belief that he is entitled to compensation because of the bite.  However, allegations of past harm do not demonstrate that Plaintiff is under imminent danger of serious physical injury, as necessary for this Court to allow him to proceed without prepayment of the filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

The remainder of the Complaint is a collection of statements and demands that are not grounded in reality.  For example, Plaintiff states that "Jehovah anointed me King in front of every spirit in every realm, world and I have the POWER on Earth . . .".  (ECF No. 1 at 14) (emphasis in original).  Plaintiff demands title to a "JETPLANE OF MY CHOICE" with unlimited fuel and a pilot "for life" so that he may travel "country to country" to "do Jehovas purpose for me to set up the Book of Life in every country . . . the Foundations of Earth Amen Thank You." *Id.* at 1 (emphasis in original).  Plaintiff also demands title to a motel or hotel and permission to run for President with $1 Billion in campaign funds, and he names numerous

defendants with no stated or apparent relationship to Plaintiff or to each other, including music artist Taylor Swift, a university in France, television networks, airlines, and gas stations.

Plaintiff's statements and demands do not show that he is under imminent danger of serious physical injury. In fact, they are "clearly baseless" under the standard identified in *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible."). Because Plaintiff's allegations do not show that he is under imminent danger of serious physical injury, this Court cannot grant him leave to proceed without prepayment of the required filing fee. The Court will therefore deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, and dismiss this case without prejudice to the filing of a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully paid complaint.

A separate order of dismissal will be filed.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of September, 2023.

3